IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHIRLEY TYUS                                                                                         PLAINTIFF

v.                                              No. 4:06CV01318 GH

KAREN WALKER-KNIGHT                                                                         DEFENDANT

## ORDER

On September 18th, plaintiff filed a motion to proceed *in forma pauperis*. As the motion indicates that her only source of money is disability payments, the Court is persuaded that plaintiff is entitled to *in forma pauperis* status.

The complaint filed on September 18th alleges that defendant, a deputy public defender, violated plaintiff's civil and constitutional rights by not providing plaintiff with the best defense on a criminal charge in Faulkner County Circuit Court resulting in plaintiff suffering "triple jeopardy." She seeks $925.00 in damages plus punitive damages of five million dollars.

Pursuant to 28 U.S.C. §1915(e)(2)(B)(i), the Court is authorized to determine whether the complaint is frivolous or malicious. Kane v. Lancaster County Dept. of Corrections, 960 F.Supp. 219 (D. Neb. 1997).

Earlier this year, Judge Wright of the United States District Court for the Eastern District of Arkansas dealt with a similar situation in Adcock v. Shaw, 2006 WL 1342841, *1-3 (E.D. Ark. 2006), as follows:

-1-

Plaintiff attempts to sue Andy Shaw, his public defender, in both an official and personal capacity for ineffective assistance of counsel in connection with his underlying pending criminal proceedings.

\*\*\*\*

[T]he edicts of [42 U.S.C.] § 1983 are clear and mandate its dismissal:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the *deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id. (emphasis added). Plainly, § 1983 relief is predicated on the action of a state actor. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Dean v. Olibas, 129 F.3d 1001, 1005 (8th Cir. 1997) ("to occur under color of law, conduct causing the deprivation of a civil right must be 'fairly attributable to the State' ") (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)). The Supreme Court has set forth a two-part test for analyzing whether conduct fits this description. This Court first must ask "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." Id. at 939. Stated another way, the injury complained of must have been "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Id. at 937. If this question is answered affirmatively, then the Court must determine if the private party charged with the deprivation could be described in all fairness as a state actor. Id.; see also Edmonson v. Leesville Concrete Co., 500 U.S. 614, 620 (1991).

Plaintiff's case fails at the initial inquiry because Defendant is not a "state actor" amenable to suit under § 1983. The conduct of counsel, either retained or appointed, in representing clients does not constitute action under color of state law within the meaning of § 1983. Holbird v. Armstrong-Wright, 949 F.2d 1019 (*per curiam*) (8th Cir. 1991); Harkins v. Eldredge, 505 F.2d 802, 803 (*per curiam*) (8th Cir. 1974); see also Armstrong v. Todd A. Mandell & Assoc., L.L.C., 221 F.3d 1341 (unpub. *per curiam*) (8th Cir. June 15, 2000) (holding that plaintiff's complaint against law firms and other entities failed to state a claim; to the extent plaintiff's complaint could be viewed as attempting to assert a state law legal malpractice claim subject matter jurisdiction was lacking). Even a public defender, like Defendant, is not acting under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454

U.S. 312, 325 (1981); see also Davis v. Blount, 74 Fed. Appx. 675 (8th Cir. 2003) (unpub. *per curiam*) (affirming pre-service dismissal of plaintiff's public defender on the grounds that he is not a state actor subject to § 1983 liability) (citing Polk County, 454 U.S. at 325; Eling v. Jones, 797 F.2d 697, 698-99 (8th Cir. 1986)); Malik v. Cardarella, 71 Fed. Appx. 607 (8th Cir. 2003) (unpub. *per curiam*) (affirming pre-service dismissal of federal plaintiff's court-appointed defense counsel on the grounds that he is not a state actor subject to § 1983 liability) (citing Polk County, 454 U.S. at 325; Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) (*per curiam*)).

With no state actor there can be no constitutional violation; therefore, there is no basis to award Plaintiff the relief he seeks. Williams v. Davis, 200 F.3d 538, 539 (8th Cir. 2000). Even assuming that each fact alleged by Plaintiff is true, neither alone nor in combination do they amount to a constitutional violation. Because no constitutional violation occurred under the allegations Plaintiff has presented, Defendant cannot be held liable under § 1983 and Plaintiff's claim against him must be dismissed with prejudice.

Accordingly, plaintiff's September 18th motion (#1) motion to proceed in forma pauperis is granted. Pursuant to 28 U.S.C. §1915(e)(2)(B)(i), the case is dismissed as being frivolous.

IT IS SO ORDERED this 26th day of September, 2006.

*/s/ George Howard, Jr.*
UNITED STATES DISTRICT JUDGE